UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVSION

| | |
|---|---|
| Alexandra Oswald-Green, *individually and on behalf of all others similarly situated*;<br><br>Plaintiff,<br><br><br><br>-v.-<br>Phoenix Financial Services LLC<br>and John Does 1-25.<br><br>Defendant(s). | Civil Action<br>_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alexandra Oswald-Green (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Phoenix Financial Services LLC (hereinafter "Defendant Phoenix"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter, "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual

1

privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate ~ *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over all State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Mercer, residing at 191 Somerset Street, Ewing, NJ 08638.

8. Defendant Phoenix, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 8902 Otis Ave, Ste 103A, Indianapolis, IN 46216-1077, and may be served process upon its registered agent, Corporation Service Company, 830 Bear Tavern Rd., Ewing, NJ 08628. .

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant Phoenix sent an initial collection letter attempting to collect a consumer debt;

   c. that deceives the consumer by omitting the complete and accurate requirement that every part of a consumer's dispute of a debt must be in writing, as provided for under §1692g (the "G-Notice");

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the forms attached as Exhibit A**, violate 15 U.S.C. §§ l692e & 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the forms attached as Exhibit A** violate 15 U.S.C. §§ l692e & 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to October 3, 2018, an obligation was allegedly incurred to Emergency Physician Associates of South Jersey.

22. The Emergency Physician Associates of South Jersey obligation arose out of a transaction in which in which money, property, insurance or services which are the subject of the transactions, were primarily for personal, family or household purposes, specifically medical services.

23. The alleged Emergency Physician Associates of South Jersey obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Emergency Physician Associates of South Jersey is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Defendant Phoenix, a debt collector was contracted by Emergency Physician Associates of South Jersey to collect the alleged debt.

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – October 3, 2018 Collection Letter*

27.     On or about October 3, 2018, Defendant sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed. A true and accurate copy of the Letter is attached as Exhibit A.

28.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

29. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

30. Specifically, with regard to section 1692g(a)(3), the Third Circuit has made clear that "any dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

31. Thus, within the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer must dispute a debt <u>in writing</u> under §1692g(a)(3).

32. [I]n order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000) (citations omitted). A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted by other portions of the communication. Id. at 111; Wilson, 225 F.3d at 354.

33. The Letter does not meet the required guidelines of the FDCPA, as interpreted by the Third Circuit, because it falsely omits the requirement of the "G Notice" in the first sentence by leaving out the requirement that a consumer must dispute in writing.

34. In omitting the writing requirement, Defendant falsely communicates the consumer's requirements under the FDCPA.

35. Furthermore, the second sentence of the "G Notice" begins: "If" you notify us in writing..., implying that the writing requirement is voluntary. When coupled with the failure of

the first sentence to contain any mention of the word "writing," the least sophisticated consumer would be confused as to what his actual requirements were for properly disputing the debt.

36. Pursuant to section 1692g(a)(3), the Third Circuit has made clear that "**any dispute, to be effective, must be in writing**." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). Thus, a written disclosure that fails to convey the requirement that a consumer must dispute a debt in writing falls afoul of the FDCPA's requirements.

37. This false and inaccurate portion of the Letter is misleading because it fails to advise Plaintiff of the proper method for exercising her dispute and validation rights under the FDCPA.

38. Plaintiff sustained an informational injury as she was not fully apprised of his rights and responsibilities necessary to properly exercise his options under §1692g.

39. As a result of Defendant's false statements, Plaintiff effectively waived her rights to this statutorily available information because she was not properly informed of the "G-Notice" requirements set forth in the FDCPA, as interpreted in the Third Circuit.

40. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendant violated §1692e:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g
*et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

48. Pursuant to 15 USC §1692g, a debt collector:

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   1. The amount of the debt;
   2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49. The Defendant violated 15 U.S.C. §1692g, by falsely misstating the consumer's rights by omitting the requirement that he must request validation and make any dispute of the debt in writing.

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Alexandra Oswald-Green, individually and on behalf of all others similarly situated, demands judgment from Defendant Phoenix as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
February 28, 2019

*/s/ Yaakov Saks*
By: Yaakov Saks, Esq.
**Stein Saks, PLLC**

285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
Email: ysaks@steinsakslegal.com
*Attorneys for Plaintiff*