**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEXANDRA OSWALD-GREEN, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | Case No. 19-07337-BRM-LHG |
| v. | **OPINION** |
| PHOENIX FINANCIAL SERVICES LLC and JOHN DOES 1-25. | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Phoenix Financial Services, LLC's ("PFS") Motion to Dismiss Plaintiff Alexandra Oswald-Green's ("Oswald-Green") Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) Oswald-Green opposes the motion. (ECF No. 7.) Having reviewed the submissions filed in connection with the motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, PFS's Motion to Dismiss the Complaint is **GRANTED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Oswald-Green. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This dispute arises out of Oswald-Green's putative class action claim, alleging PFS's debt collection practice violated the Fair Debt Collection Practice Act ("FDCPA") by failing to "convey the requirement that a consumer must dispute a debt in writing." (Compl. (ECF No. 1) ¶ 36.) Some time prior to October 3, 2018, Oswald-Green allegedly incurred a financial obligation which was assigned to PFS for debt collection purposes.[1] (ECF No. 1 ¶¶ 21, 25.) On or about October 3, 2018, PFS mailed a letter (the "Letter") to Oswald-Green in connection with the debt. (ECF No. 1 ¶ 27.) Oswald-Green alleges the Letter violates the FDCPA by omitting the requirements that she must request validation and make any dispute in writing. (ECF No. 1 ¶ 49.) The Letter mailed to Oswald-Green contains a "G-Notice," which states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any potion thereof, this office will assume this debt is valid. If you notify this office, in writing, within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(ECF No. 1-2.)

On February 28, 2019, Oswald-Green filed her two-count FDCPA Complaint. (ECF No. 1.) On April 10, 2019, PFS filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) On May 1, 2019, Oswald-Green filed an opposition to PFS's Motion to Dismiss. (ECF No. 7.)

---

[1] Oswald-Green initially incurred the debt with Emergency Physician Associates of South Jersey for "money, property, insurance or services . . . primarily for personal, family or household purposes, specifically medical services." (ECF No. 1 ¶ 22.) Thereafter, Emergency Physician Associates of South Jersey contracted with PFS to collect the alleged debt. (ECF No. 1 ¶ 25.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

## III. DECISION

PFS argues the Complaint should be dismissed because the language in the Letter complies with FDCPA requirements. (ECF No. 4 at 9.) PFS claims the Letter does not overshadow or mislead the consumer regarding the ability and process by which to dispute the underlying debt. (*Id.*) Additionally, PFS asserts the language in the Letter "is not only consistent, but almost identical to the very language used by Congress in the statute itself." (*Id.* at 11.) Oswald-Green argues the Letter violates the FDCPA because it "fail[s] to clearly and effectively convey that [Oswald-Green] was required to dispute the debt in writing." (ECF No. 7 at 8.) Specifically, Oswald-Green claims that PFS's failure to include "in writing" in the first sentence of the G-Notice was a per se violation of § 1692g(a)(3). (ECF No. 7 at 14.) Furthermore, she alleges PFS violated

§ 1692e by using the conditional word "if" in the second and third sentences of the Letter, which "only further served to confuse Ms. Oswald-Green as to whether she was required to dispute the debt in writing, or whether a verbal dispute could suffice." (*Id.*)

Congress enacted the FDCPA in 1977 as a result of the abundance of "evidence of the use of abusive, deceptive, and unfair debt collection practices" and the inadequacy of existing laws and procedures designed to protect consumers. 15 U.S.C. § 1692(a), (b). *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting 15 U.S.C. § 1692(e)) (noting the stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and to promote further action to protect consumers against debt collection abuses). At the time, Congress was concerned that "[a]busive debt collection practices contribute[d] to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. 1692(a). "The right congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance." *Blaha v. First Nat'l Collection Bureau*, No. 16-2791, 2016 U.S. Dist. LEXIS 157575, at *23 (D.N.J. Nov. 10, 2016).

"Because the FDCPA is a remedial statute, we construe its language broadly so as to effect its purpose." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)). Accordingly, communications from lender to debtors are analyzed from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 454. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* at 453. Although the "least sophisticated debtor" standard is a legal standard, it "prevents liability for

5

bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000). "Even the least sophisticated debtor is bound to read collection notices in their entirety." C*ampuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

To succeed on an FDCPA claim, a plaintiff must establish that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *see also Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

Here, the parties do not dispute PFS's Letter is governed by and required to comply with the FDCPA, nor do they dispute the first three prongs of the statute. Therefore, only the fourth prong—PFS's alleged violation of the FDCPA—is disputed. (ECF No. 4 at 9 and ECF No. 7 at 4-5.)

Oswald-Green argues the Letter violates two specific provisions of the FDCPA: (1) 15 U.S.C. § 1692g, which concerns the validation notice requirements necessary to inform consumers of their rights;[2] and (2) 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." (ECF No. 1 at 9, 10.) Both alleged violations are based on the content of the Letter—specifically, whether the G-Notice "fails to advise Plaintiff of the proper method for

---

[2] A validation notice contains "the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson*, 225 F.3d at 354.

exercising her dispute and validation rights under the FDCPA." (ECF No. 1 ¶¶ 33-37.) As Oswald-Green concedes in her opposition brief, "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the [§] 1692g claim is usually dispositive." (ECF No. 7 at 10 (citing *Caprio v. Healthcare Revenue Recovery Grp, LLC*, 709 F.3d 142, 146 (3d Cir. 2013).) *See also Cruz v. Fin. Recoveries*, No. 15-753, 2016 U.S. Dist. LEXIS 83576, at *11 (D.N.J. June 18, 2016) (ruling "when language is upheld pursuant to Section 1692g, that analysis is usually dispositive for Section 1692e"). Accordingly, the analysis under the § 1692g claim is dispositive of Oswald-Green's § 1692e(10) claim, and therefore, the Court begins its analysis there.

### A. 15 U.S.C. § 1692g Claim

Oswald-Green claims PFS "violated 15 U.S.C. § 1692g by falsely misstating the consumer's rights by omitting the requirement that he must request validation and make any dispute of the debt by writing." (ECF No. 1 ¶ 49.) Under § 1692g(a)(3), the FDCPA requires a debt collector to send the consumer a written notice containing "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). Further, any "dispute of a debt must be in writing in order to be effective in this Circuit." *Caprio*, 709 F.3d at 146 (3d Cir. 2013).

The Letter mailed to Oswald-Green contains, in relevant part, the following language:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any potion thereof, this office will assume this debt is valid. If you notify this office, in writing, within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office

7

> in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(ECF No. 1-2.)

Oswald-Green argues the notice violates 15 U.S.C. § 1692g(a)(3) because it "fail[s] to clearly and effectively convey that [Oswald-Green] was required to dispute the debt in writing." (ECF No. 7 at 4.) Specifically, Oswald-Green claims that PFS's failure to include the words "in writing" in the first sentence of the notice is a "per se violation" of § 1692g(a)(3) under decisions from several courts in this Circuit. (*Id.* at 10.)

Oswald-Green relies on several cases from this Circuit finding nearly identical language to the Letter to be in violation of § 1692g(a)(3), specifically two Eastern District of Pennsylvania cases: *Henry v. Radius Global Solutions, LLC*, 357 F. Supp. 3d 446, 458 (E.D. Pa 2019) and *Durnell v. Stoneleigh Recovery Assocs., LLC*, No. 18-2335, 2019 U.S. Dist. LEXIS 2270 (E.D. Pa. Jan. 7, 2019). In *Henry*, Judge Kearney denied defendant debt collector's motion to dismiss the FDCPA claims against it, finding the language used in defendant's collection letter failed to convey to the least sophisticated consumer that any dispute to the debt must be in writing. 357 F. Supp. 3d at 458. Additionally, in *Durnell*, the court denied defendant debt collector's motion for summary judgment, once again finding that language similar to PFS's Letter violated § 1692g(a)(3) of the FDCPA. No. 18-2335, 2019 U.S. Dist. LEXIS 2270 at *10. The court found that "because the validation notice does not expressly state that the debtor must dispute the debt in writing, the notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing." *Id.* at *8-9.

PFS urges this court to adopt the opposite reasoning. In support of its argument, PFS also

relies on several cases from this Circuit finding substantially similar language to the Letter to be in accordance with § 1692g(a)(3), including several from the District of New Jersey. In *Borozan v. Fin. Recovery Servs.*, No. 3:17-cv-11542, 2018 U.S. Dist. LEXIS 104691 (D.N.J. June 22, 2018) this court granted defendant debt collector's motion to dismiss for plaintiff's failure to state a claim under § 1692g. No. 3:17-cv-11542, 2018 U.S. Dist. LEXIS 104691 at *20. In granting the motion, the Court stated that the use of the word "unless" in the first sentence of the notice "informs the consumer the consequences if he or she fails to dispute the debt." *Id.* at *6. Further, the phrase "if you notify this office in writing" .provides instructions on how to dispute the debt and the effect of disputing the debt . . . that closely tracks the statutory language provided in § 1692g(a), without provide confusing, alternative ways to dispute the debt that would contradict the validation notice. *Id.* This case is one of several in the District which found the statutory language sufficient in conveying to a debtor his or her rights under § 1692g(a)(3). *Bencosme v. Caine & Weiner*, No. 18-07990, 2019 U.S. Dist. LEXIS 91109 (D.N.J. March 6, 2019) (finding language in validation notice nearly identical to PFS's to effectively convey the writing requirement for disputing a debt); *Magana v. Amcol Systems, Inc.*, No. 17-11541, 2018 U.S. Dist. LEXIS 94779 (D.N.J. June 6, 2018) (same); *Reizner v. Nat'l Recoveries, Inc.*, No.17-2572, 2018 U.S. Dist. LEXIS 74229 at *9 (D.N.J. May 2, 2018) (same); *Ulrich v. Radius Global Sols., LLC*, No.18-15797, 2019 U.S. Dist. LEXIS 126783 at *12-13 (D.N.J. July 29, 2019) (same); *Hairston v. Diversified Consultants, Inc.*, No. 19-06922 (D.N.J. July 30, 2019) (same)

This Court, in *Riccio v. Sentry Credit, Inc.*, analyzed a nearly identical validation notice, stating "it is clear from the plain language of [the letter] a dispute of the debt must be communicated in writing within thirty days." *Riccio v. Sentry Credit, Inc.*, No. 17-1773, 2018 U.S.

9

Dist. LEXIS 15661 at *4 (D.N.J. Jan. 31, 2018). The least sophisticated consumer is charged with reading the entire document and is assumed to understand the plain language of a standard validation notice. *Hernandez v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 166836 (D.N.J Nov. 22, 2013) (noting, "a least sophisticated debtor would understand that the notification mentioned in the second sentence refers to the notification in the first sentence"). As this Court reasoned in *Borozan*, the use of the word "unless" in the first sentence informs the consumer the consequences of failing to dispute the debt, while the second sentence instructs how to dispute the debt. *Borozan*, 2018 U.S. Dist. LEXIS 104691 at *20. Because the Letter clearly conveys to the least sophisticated consumer the requirement disputes be submitted in writing, PFS did not violate the requirements of § 1692g(a)(3).

### B. 15 U.S.C. § 1692e Claim

Oswald-Green's § 1692e claim is based on the same allegations as her § 1692g claim. Oswald-Green argues that the Letter contained "multiple and conflicting options for disputing the debt." (ECF No. 7 at 15.) Specifically, Oswald-Green claims that PFS's failure to advise her that she must dispute the debt in writing along with the use of the phrase "if you choose to dispute the debt in writing" led her to be unsure "if she was required to dispute the debt in writing or if a verbal dispute was sufficient." *Id.*

Section 1692e forbids "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e. However, in this Circuit, "when allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155. Therefore, based on the analysis above, because Oswald-Green fails to state a claim under § 1692g, her claim under § 1692e also fails. Accordingly, PFS's debt collection letter does not violate §

1692g or § 1692e(10) of the FDCPA, and PFS's Motion to dismiss is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons, PFS's Motion to Dismiss on the is **GRANTED**. An appropriate Order will follow.

**Date: November 26, 2019,**              */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**